Before the First Division, November 21, 1938

**No. 39899.**—Protest 904934–G of W. H. Shurtleff Co. (Portland, Maine.).

McClelland, Presiding Judge: This protest is directed against the decision of the collector of customs at the port of Portland, Maine, assessing duty at the rate of 7 cents per 100 pounds under paragraph 81 of the Tariff Act of 1930 on 90,700 pounds of imported salt, claiming the same to be entitled to exemption

from such duty under the provisions of section 313 (e) of the same act, and the applicable customs regulations. Section 313 (e), *supra*, reads as follows:

## SEC. 313. DRAWBACK AND REFUNDS

\*          \*          \*          \*          \*          \*          \*

(e) IMPORTED SALT FOR CURING FISH.—Imported salt in bond may be used in curing fish taken by vessels licensed to engage in the fisheries, and in curing fish on the shores of the navigable waters of the United States, whether such fish are taken by licensed or unlicensed vessels, and upon proof that the salt has been used for either of such purposes, the duties on the same shall be remitted.

The applicable customs regulations were articles 479 to 484 of the Customs Regulations of 1931. There does not seem to be any dispute but that all of the regulations were complied with save that in article 483 (*c*), which reads as follows:

ART. 483. *Proof of use.*—Proof that the salt withdrawn for use in curing fish has been so used shall be as follows:

\*          \*          \*          \*          \*          \*          \*

(*c*) Also the affidavit (customs Form 3753) of at least two persons actually employed (if more than two were so employed) in curing fish on shore, on which any part of said salt was used, stating the quantity of salt used in curing fish on shore and where cured, that it was used in curing fish taken by American fishermen, and approximately the quantity of fish cured thereby.

The record is clear that the affidavit on customs Form 3753 filed in this instance in accordance with the foregoing regulation was executed by two officers of the fish company which claimed to have cured fish with the salt in issue who had not actually been engaged in the salting of the fish and hence were not qualified to execute a valid affidavit under the provisions of the regulation.

Neither the authority of the Secretary of the Treasury to make the foregoing regulation, nor its reasonableness, has been challenged. We are of the opinion that the record is wholly insufficient to sustain the claim made in the protest, and it is therefore overruled.

Judgment will issue accordingly.

### DISSENTING OPINION

BROWN, Judge: This suit against the United States was brought at Portland, Maine, to recover the sum of $63.49, the amount of duty assessed and collected under paragraph 81, Tariff Act of 1930, at the rate of 7 cents per hundred pounds on 90,700 pounds of salt used for curing fish in accord with the provisions of section 313 (e), Tariff Act of 1930, reading as follows:

SEC. 313. (e) IMPORTED SALT FOR CURING FISH.—Imported salt in bond may be used in curing fish taken by vessels licensed to engage in the fisheries, and in curing fish on the shores of the navigable waters of the United States, whether such fish are taken by licensed or unlicensed vessels, and upon proof that the salt has been used for either of such purposes, the duties on the same shall be remitted.

The collector assessed this duty and refused application for refund made on the customs affidavit Form 3753 required by article 483 of the Customs Regulations, edition of 1931, on page 328, because said affidavit was not signed by two workers who actually used the salt in curing fish, but by two officers of the plaintiff corporation who were familiar with the process and sometimes helped the actual workers in curing fish.

All other regulations under said article were also complied with and that is the sole matter at issue.

The writer thinks that the regulations should be liberally construed, and he considers that the affidavit here was competent and complied with the regula-

tions when signed by two officers of the plaintiff corporation who were familiar with the process of curing and knew the amount of salt used in curing fish. Therefore, the claim in the protest for refund of the duty paid amounting to the sum of $63.49 should be sustained.

Any other conclusion takes an exceedingly narrow view of the purpose of Congress in enacting this provision and a still narrower view of the purpose of such regulations which is to protect and safeguard the Government. With this protest sustained the Government is fully protected and safeguarded.

The majority opinion seems unable to distinguish between attacking the legality of a regulation, which this dissenting opinion does not do, and giving it a reasonable and liberal construction consistent with the statutory purpose and the purpose of the regulation itself.

The foregoing, on a subject regularly assigned to the writer, was originally submitted as a division opinion. Not having been accepted by the majority of the division it is now submitted as a dissenting opinion.